UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Soretha M. Eldridge, | ) | CASE NO. 1:25 CV 1908 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Soretha M. Eldridge filed this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681c-2, and 18 U.S.C. § 1595 against Equifax Information Services, LLC. The Complaint contains no factual information. She states that she is a survivor of human trafficking and "Equifax has repeatedly re-victimized [her] by refusing to consistently honor her federally-protected trafficking victim status, causing severe emotional distress and financial harm." (Doc. No. 1 at PageID #: 2). She contends the Defendant rejected her "self-attestation letters" and "fail[ed] to block fraudulent accounts within required timeframes." (Doc. No. 1 at PageID #: 2). She asserts "dozens of separate willful violations of 15 U.S.C. § 1681c-2 over two years." (Doc. No. 1 at PageID #: 3). She seeks monetary damages under 18 U.S.C. § 1595 stating that the statute permits victims of human trafficking to recover

1

damages from those who knowingly benefitted from trafficking related harm. She seeks monetary damages in excess of one million dollars.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the

Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff's Complaint fails to meet the minimum pleading requirements of Federal Civil Procedure Rule 8. To meet the minimum pleading requirements, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Plaintiff cites to 15 U.S.C.A. § 1681c-2 as the legal basis for her Complaint. This statute makes no mention of a human trafficking exception to consumer reporting. Instead, it requires a consumer credit reporting agency to block information that the consumer identifies as information that resulted from an alleged identity theft. 15 U.S.C.A. § 1681c-2(a). The agency then notifies the furnisher of information that the information may be a result of identity theft; that an identity theft report has been filed; and that a block has been requested by the consumer. 15 U.S.C.A. § 1681c-2(b). The consumer credit reporting agency may decline to block information relating to a consumer if it reasonably determines that the information was blocked in error or a block was requested by the consumer in error; if the information was blocked or requested to be blocked by the consumer on the basis of a material misrepresentation of fact; or if it determines that the consumer obtained possession of goods, services, or money as a result of the blocked transaction. 15 U.S.C.A. § 1681c-2(c)(1).

Here, Plaintiff does not provide any factual allegations with regard to a claim under § 1681c-2. She does not indicate which debt or debts she is disputing, how she disputed

3

them with the Defendant, or what reason the Defendant gave for not blocking the accounts. Her Complaint is stated solely as a legal conclusion. Without factual allegations, the Complaint does not meet the minimum pleading requirements of Federal Civil Procedure Rule 8.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 10, 2025

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE